IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| JUSTIN MAYNARD, Reg. No. 1029567, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 07-4214-CV-C-NKL |
| | ) | |
| CORRECTIONAL MEDICAL SERVICES, INC., et al., | ) ) | |
| | ) | |
| Defendants. | ) | |

## REPORT, RECOMMENDATION AND ORDER

Plaintiff Justin Maynard brought suit under 42 U.S.C. § 1983 and Missouri state law for constitutional violations and injuries sustained following hand surgery in August 2006. Superintendent Dwayne Kempker and Acting Superintendent Penny Nevins request dismissal under Fed. R. Civ. P. 12(b)(6) for plaintiff's failure to state a claim against them and because they are entitled to official immunity for the state law negligence claims. Plaintiff responded in opposition to dismissal, defendants replied, and plaintiff filed a sur-reply.

In his complaint, plaintiff asserts defendants Kempker and Nevins, as well as other individuals, "promulgated, implemented and maintained . . . DE FACTO policies" such that the Missouri Department of Corrections did not exercise control over medical services and simply deferred to Correctional Medical Services, Inc. (CMS), or its subcontractors, with regard to inmate medical care. Plaintiff states defendants knew he needed medical care and knew inmate medical care was inadequate because he and other inmates filed thousands of grievances complaining of excessive delays in receiving treatment.[1]

Federal Rule of Civil Procedure 8(a)(2) requires the complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." It must give the

---

[1] Plaintiff has not alleged facts showing he was injured by a delay in treatment. His complaint is that he did not receive a fourth consultation with a specialist and his treatment by CMS staff did not alleviate his pain.

defendant fair notice of the claim and grounds on which it rests. Conley v. Gibson, 355 U.S. 41, 47 (1957). Detailed factual allegations are not required, but "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level. . . ." Bell Atlantic Corp. v. Twombly, ___ U.S. ___. ___, 127 S. Ct. 1955, 1965 (2007).

Thus, a complaint is properly dismissed under Fed. R. Civ. P. 12 (b)(6) when it fails to state a claim upon which relief can be granted. When ruling on a motion to dismiss, the factual allegations in the complaint are accepted as true, and the court must determine whether they show the pleader is entitled to relief. At this stage, the complaint is construed liberally in the light most favorable to the plaintiff. Eckert v. Titan Tire Corp. 514 F.3d 801, 806 (8th Cir. 2008). "The complaint must 'provide a defendant with some indication of the loss and the causal connection that the plaintiff has in mind.'" Schaaf v. Residential Funding Corp., 517 F.3d 544, 549 (8th Cir. 2008) (citing Dura Pharmaceuticals, Inc. v. Broudo, 544 U.S. 336, 347 (2005)).

The complaint and attached documents indicate plaintiff had surgery to his right hand to correct a problem with one of the metacarpals. He was seen by the specialist for three follow-up visits, but a fourth follow-up visit was not approved. Instead, plaintiff was seen by defendant Dr. Obandina and his follow-up treatment was provided by CMS employees. Plaintiff felt his hand had not healed, he had ongoing pain, and he had lost some use of it.

Plaintiff filed a grievance seeking additional medical treatment, and his grievance was denied by medical personnel. Plaintiff then filed a grievance asserting the superintendent failed to exercise supervisory control over medical staff, which resulted in his receiving inadequate treatment. His informal resolution request was reviewed and signed by defendant Nevins.

"The general responsibility of a warden for supervising the operation of a prison is not sufficient to establish personal liability." Estate of Rosenberg by Rosenberg v. Crandell, 56 F.3d 35 (8th Cir. 1995). See also Ouzts v. Cummins, 825 F.2d 1276, 1277 (8th Cir. 1987).

2

Further, a supervisor cannot be held liable under section 1983 for an employee's unconstitutional actions. Boyd v. Knox, 47 F.3d 966, 968 (8th Cir. 1995); Choate v. Lockhart, 7 F.3d 1370, 1376 (8th Cir. 1993); Givens v. Jones, 900 F.2d 1229, 1233 (8th Cir. 1990). Instead, a supervisor can be held liable only for personal involvement in a constitutional violation, or when his or her corrective inaction amounts to deliberate indifference or tacit authorization of the violation. Boyd, 47 F.3d at 968; Fruit v. Norris, 905 F.2d 1147, 1151 (8th Cir. 1990).

Courts in the Eighth Circuit have held that because superintendents lack medical expertise, they cannot be held liable for medical staff's decisions not to refer inmates to other doctors or to provide different medical treatment. Camberos v. Branstad, 73 F.3d 174 (8th Cir. 1995); Keeper v. King, 130 F.3d 1309, 1314 (8th Cir. 1997). Thus, there is no constitutional violation in a de facto policy of nonmedically trained superintendents deferring to health care professionals in treatment decisions. Plaintiff's complaint, and the records submitted with it, show plaintiff received treatment for his hand but was unhappy with the follow-up care and results.

In addition, when the only involvement by the superintendent is through a grievance, he or she is not liable for deliberate indifference to a serious medical need, particularly where the medical issue has been addressed by the Health Services Administrator and the Regional Medical Director. See Box v. Dwyer, 2006 WL 2850528 (E.D. Mo. Sept. 29, 2006).

Defendants next assert they are entitled to official immunity from plaintiff's state law claims.

"[O]fficial immunity shields officials from liability for injuries arising out of their discretionary acts or omissions." It does not shield them from liability for ministerial acts. Charron v. Thompson, 939 S.W.2d 885, 886 (Mo. banc 1996). Mo. Ann. Stat. § 217.230 (West 2004) states "[t]he director shall arrange for necessary health care services for offenders confined in correctional centers." The manner in which health care services are arranged for offenders is left to the discretion of the director and his administrators. In determining that it was appropriate to rely on the medical decisions of the treating health care professionals, the superintendent and acting superintendent were exercising their discretion, rather than

3

performing ministerial acts.  See Howenstine, M.D. v. Roper, 155 S.W.3d 747 (Mo. banc 2005) (medical director of public health clinic immune from suit for negligent treatment by nursing staff).  Thus, they are entitled to official immunity.

The court also notes that by a separate report and recommendation, plaintiff's state law claims are being recommended dismissed for his failure to file the affidavit of merit required by Mo. Ann. Stat. § 538.225.1 (Supp. 2008).

Defendants Kempker and Nevins have also requested a stay of discovery pending a ruling on their motion to dismiss.  Although plaintiff has not yet had an opportunity to respond, a stay of discovery appears warranted in light of this report and recommendation.

Accordingly, it is

ORDERED that discovery is stayed pending a ruling by the district court on the motions to dismiss.  [31]  It is further

RECOMMENDED that plaintiff's 42 U.S.C. § 1983 claims against defendants Kempker and Nevins be dismissed for failure to state a claim.  [14]  It is further

RECOMMENDED that plaintiff's state law claims against defendants Kempker and Nevins be dismissed because they are entitled to official immunity and/or because plaintiff has failed to file the affidavit of merit required by Missouri statute.

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days.  The District Judge will consider only exceptions to the specific proposed findings and recommendations of this report.  Exceptions should not include matters outside of the report and recommendation.  Other matters should be addressed in a separate pleading for consideration by the Magistrate Judge.

The statute provides for exceptions to be filed within ten days of the service of the report and recommendation.  The court has extended that time to twenty days, and thus, additional time to file exceptions will not be granted unless there are exceptional circumstances.  Failure to make specific written exceptions to this report and recommendation will result in a waiver of the right to appeal.  See L.R. 74.1(a)(2).

Dated this 23rd day of April, 2008, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge

5