IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

JUSTIN MAYNARD, Reg. No. 1029567,  )
                                    )
                Plaintiff,          )
                                    )
        v.                          )   No. 07-4214-CV-C-NKL
                                    )
CORRECTIONAL MEDICAL SERVICES,      )
INC., et al.,                       )
                                    )
                Defendants.         )

## REPORT AND RECOMMENDATION

Plaintiff Justin Maynard brought suit under 42 U.S.C. § 1983 and Missouri state law for constitutional violations and injuries sustained following hand surgery in August 2006. Defendants Correctional Medical Services, Inc. (CMS), Candice Palmer, Dr. Elizabeth Conley, Kim Coulson and P. Stanley, Jr., request dismissal of plaintiff's state law claims for his failure to timely file the required affidavit. Plaintiff responded in opposition to dismissal and defendants replied.[1]

Plaintiff's complaint alleges prima facie tort, medical malpractice and negligence for his second and third claims. Plaintiff's fourth claim is for breach of contract for defendant's failure to provide him, a third-party beneficiary, with adequate health care services.

---

[1] This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

Mo. Ann. Stat. § 538.225.1 (Supp. 2008)[2] requires a plaintiff alleging personal injury based on health care services to file an affidavit with the court. The affidavit must state the plaintiff has obtained a written opinion by a legally qualified health care provider which says the defendant failed to use the care a reasonably prudent and careful health care provider would have used under similar circumstances and that it directly caused or contributed to cause the injuries sustained. If the affidavit is not filed within ninety days and the plaintiff has not shown good cause for failing to do so, the court must dismiss the claim, without prejudice.

The affidavit-of-merit requirement applies to state law claims brought by inmates in federal court. Grace v. Harris, slip op. 2007 WL 3530200 (E.D. Mo. Nov. 13, 2007). Plaintiff's complaint was provisionally filed on October 23, 2007, and he was granted leave to proceed in forma pauperis on January 9, 2008. More than ninety days have passed, and plaintiff has not filed an affidavit of merit. Although plaintiff's response requests adequate time to secure an affidavit, he does not indicate he has contacted or found a legally qualified health care provider who is willing to provide a written opinion in accord with the statute. In the absence of such an affidavit, the court must dismiss the claims, without prejudice.

Plaintiff was given notice of the affidavit requirement in early February 2008, when defendants filed their motion. By the time exceptions to this recommendation are due,

---

[2]"1. In any action against a health care provider for damages for personal injury or death on account of the rendering of or failure to render health care services, the plaintiff or the plaintiff's attorney shall file an affidavit with the court stating that he or she has obtained the written opinion of a legally qualified health care provider which states that the defendant health care provider failed to use such care as a reasonably prudent and careful health care provider would have under similar circumstances and that such failure to use such reasonable care directly caused or directly contributed to cause the damages claimed in the petition. . . .
    3. The affidavit shall state the name, address, and qualifications of such health care providers to offer such opinion.
    4. A separate affidavit shall be filed for each defendant named in the petition.
    5. Such affidavit shall be filed no later than ninety days after the filing of the petition unless the court, for good cause shown, orders that such time be extended for a period of time not to exceed an additional ninety days.
    6. If the plaintiff or his attorney fails to file such affidavit the court shall, upon motion of any party, dismiss the action against such moving party without prejudice."
Mo. Ann. Stat. § 538.225.1 (Supp. 2008)

approximately ninety days from that notice will have elapsed.  If the court grants plaintiff an extension of time until exceptions are due to file the affidavit, plaintiff will have been given considerably more than the statutory ninety days after the filing of the complaint.

Accordingly, it is

RECOMMENDED that defendants' motion of February 7, 2008, to dismiss plaintiff's state law claims for failure to file the required affidavit of merit be granted, unless plaintiff files the affidavit on or before the deadline set for filing exceptions to this recommendation. [10]  It is further

RECOMMENDED that the dismissal of plaintiff's state law tort claims be without prejudice.

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days.  The District Judge will consider only exceptions to the specific proposed findings and recommendations of this report.  Exceptions should not include matters outside of the report and recommendation.  Other matters should be addressed in a separate pleading for consideration by the Magistrate Judge.

The statute provides for exceptions to be filed within ten days of the service of the report and recommendation.  The court has extended that time to twenty days, and thus, additional time to file exceptions will not be granted unless there are exceptional circumstances.  Failure to make specific written exceptions to this report and recommendation will result in a waiver of the right to appeal.  See L.R. 74.1(a)(2).

Dated this 30th day of April, 2008, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge