IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| JUSTIN MAYNARD, Reg. No. 1029567, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 07-4214-CV-C-NKL |
| | ) | |
| CORRECTIONAL MEDICAL SERVICES, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

On April 24, 2008, defendants Correctional Medical Services (CMS), Candace Palmer, Elizabeth Conley, Phyllis Stanley and Kim Coulson filed a motion for summary judgment.[1] Plaintiff has not responded in opposition to the motion, or in response to the court's order of June 25, 2008. In the June 2008 order, plaintiff was advised that his failure to respond would be treated as a lack of opposition to the motion and would likely result in dismissal of his claims for failure to prosecute, pursuant to Fed. R. Civ. P. 41(b). Thus, plaintiff's failure to respond appears to indicate he does not oppose defendants' motion or the dismissal of his claims.

The court also notes that an August 5, 2008 order entered by the Honorable Nanette K. Laughrey was returned, marked "Return to Sender, Refused, Unable to Forward." (Doc. 41.) A receipt issued on August 7, 2008, for payment of a portion of the filing fee indicates plaintiff remained incarcerated within the Missouri Department of Corrections at that time.[2]

---

[1]This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

[2]Funds are automatically withdrawn from plaintiff's inmate account in accord with the provisions of 28 U.S.C. § 1915 until the full fee is paid. Plaintiff does not have to take any steps or initiate payment of the installments, after he makes the initial partial payment.

Further, he has not provided the court with a change of address. Therefore, the record suggests plaintiff has decided to forego the prosecution of this lawsuit.

In his complaint, plaintiff alleges defendants were deliberately indifferent to his serious medical needs following hand surgery to correct a problem with one of the metacarpals. Plaintiff was referred to an outside specialist for the hand surgery and three follow-up appointments. A fourth follow-up visit was not approved, and plaintiff was evaluated by Dr. Obandina[3], a CMS employee. Follow-up treatment, physical therapy, and education was provided by CMS employees. A number of X-rays were taken and evaluated, plaintiff was provided a stress ball to exercise his hand, and pain medications were provided as deemed appropriate by the treating physicians.

Plaintiff complained that his hand had not healed properly, he had ongoing pain, and he had lost some use of the hand. Grievance responses indicate plaintiff believed his finger to be worse than it was prior to the surgery.

## Summary Judgment Standard

Fed. R. Civ. P. 56(c) requires "the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The burden on the party moving for summary judgment "is only to demonstrate . . . that the record does not disclose a genuine dispute on a material fact." City of Mt. Pleasant, Iowa v. Associated Elec. Co-Op., 838 F.2d 268, 273 (8th Cir. 1988).

Once the moving party has done so, the burden shifts to the nonmoving party to go beyond his pleadings and show, by affidavit or by "depositions, answers to interrogatories, and admissions on file," that there is a genuine issue of fact to be resolved at trial. Celotex, 477 U.S. at 323. Evidence of a disputed factual issue which is merely colorable or not

---

[3]Plaintiff's claims against defendant Obandina were dismissed on August 5, 2008, for failure to obtain service of process.

significantly probative, however, will not prevent entry of summary judgment.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

Summary judgment, however, "is an extreme remedy, to be granted only if no genuine issue exists as to any material fact."  Hass v. Weiner, 765 F.2d 123, 124 (8th Cir. 1985).  In ruling on a motion for summary judgment, this court must view all facts in a light most favorable to the nonmoving party, and that party must receive the benefit of all reasonable inferences drawn from the facts.  Robinson v. Monaghan, 864 F.2d 622, 624 (8th Cir. 1989).

If "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law," the court must grant summary judgment.  Fed. R. Civ. P. 56(c).

**Discussion**

To succeed on his medical claims, plaintiff must allege and prove, by a preponderance of the evidence, a "deliberate indifference to a serious medical need."  To succeed on his Eighth Amendment medical claims, plaintiff must allege and prove, by a preponderance of the evidence, a "deliberate indifference to a serious medical need."  Estelle v. Gamble, 429 U.S. 97, 106 (1976).  Prison officials may not be held liable under 42 U.S.C. § 1983 for mere negligence in the treatment of an inmate.  Id.  The standard for "deliberate indifference" includes an objective and a subjective component.  Beyerbach v. Sears, 49 F.3d 1324, 1326 (8th Cir. 1995) (citing Farmer v. Brennan, 511 U.S. 825, 834 (1994)).  Thus, to prevail on his claims, plaintiff must show 1) that the medical deprivation was objectively sufficiently serious; and 2) that prison officials subjectively knew about the deprivation and refused to remedy it.  A serious medical need is defined as "one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention."  Camberos v. Branstad, 73 F.3d 174, 176 (8th Cir. 1995) (quoting Johnson v. Busby, 953 F.2d 349, 351 (8th Cir. 1991)); see also Coleman v. Rahija, 114 F.3d 778, 784 (8th Cir. 1997) (citing Camberos v. Branstad, 73 F.3d at 176).

When an inmate alleges a delay in medical treatment constituted a constitutional deprivation, the objective seriousness of the deprivation is also measured by reference to the effect of the delay in treatment.  Coleman v. Rahija, 114 F.3d at 784 (citing Crowley v.

3

Hedgepeth, 109 F.3d 500, 502 (8th Cir. 1997)); see also Beyerbach v. Sears, 49 F.3d at 1326. An inmate who complains that the delay in medical treatment rose to a constitutional violation must place verifying medical evidence in the record to establish the detrimental effect of delay in medical treatment to succeed. Beyerbach v. Sears, 49 F.3d at 1326 (quoting Hill v. Dekalb Regional Youth Detention Ctr., 40 F.3d 1176, 1188 (11th Cir. 1994)).

A mere difference of opinion between plaintiff and his treating physician about what treatment is appropriate does not give rise to a colorable claim under section 1983. Warren v. Fanning, 950 F.2d 1370, 1373 (8th Cir. 1991); Smith v. Marcantonio, 910 F.2d 500, 502 (8th Cir. 1990); Courtney v. Adams, 528 F.2d 1056 (8th Cir. 1976). Likewise, disagreement with a diagnosis or course of medical treatment is insufficient to state a claim. Davis v. Hall, 992 F.2d 151, 153 (8th Cir. 1993). Nothing in the Eighth Amendment prevents doctors from exercising independent medical judgment. Long v. Nix, 86 F.3d 761, 765 (8th Cir. 1996).

In this case, the records show plaintiff received medical care for his hand, including follow-up care. Plaintiff disagreed with the course of his treatment and wanted to be seen again by an outside consultant. CMS medical personnel evaluated plaintiff's complaints and the condition of his hand, and determined that his treatment could be provided by CMS employees. After the evaluations, the treating physicians did not deem it necessary to again refer plaintiff to the hand specialist.

Although plaintiff's complaint is based on his belief that his hand was not corrected by the surgery and that he needed additional treatment, the medical records show plaintiff received constitutionally adequate medical care and that plaintiff merely disagreed with the course of his treatment.

Plaintiff's surgery was performed by a specialist not employed by CMS or the Missouri Department of Corrections, and the specialist's records indicate plaintiff's hand was healing appropriately on the three follow-up visits. The pain and stiffness plaintiff experienced were addressed by orders for medication, physical therapy, and education. His records were reviewed when he filed informal resolution requests and grievances. This does not meet the deliberate indifference standard required for plaintiff's claim to succeed.

4

Further, plaintiff did not respond in opposition to the motion for summary judgment, has not shown there are genuine issues of material fact for trial, has not disputed defendants' statement of the facts, or otherwise shown a desire to prosecute this case after defendants filed their motion. Under these circumstances, it is

RECOMMENDED that defendants' motion of April 24, 2008, for summary judgment be granted and this case be dismissed. [34]

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days. The District Judge will consider only exceptions to the specific proposed findings and recommendations of this report. Exceptions should not include matters outside of the report and recommendation. Other matters should be addressed in a separate pleading for consideration by the Magistrate Judge.

The statute provides for exceptions to be filed within ten days of the service of the report and recommendation. The court has extended that time to twenty days, and thus, additional time to file exceptions will not be granted unless there are exceptional circumstances. Failure to make specific written exceptions to this report and recommendation will result in a waiver of the right to appeal. See L.R. 74.1(a)(2).

Dated this 23rd day of October, 2008, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge